UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GODWIN OBOT, | CASE NO. 1:22-cv-2312 |
| Petitioner, | JUDGE CHARLES E. FLEMING |
| v. | |
| DEPARTMENT OF DEFENSE, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

Currently pending before the Court in the above-captioned case is Respondent Department of Defense's Motion to Dismiss (ECF No. 8). For the reasons that follow, Respondent's Motion is **GRANTED**.

## I. Procedural History

### A. Administrative Proceedings

On September 21, 2020, Petitioner Godwin Obot filed an appeal to the Merit Systems Protection Board ("MSPB") challenging his removal from the position of Accountant, GS-0510-11, at the Department of Defense, Defense Finance Accounting Service. (ECF No. 1-2, PageID #33). An Administrative Judge issued an initial decision affirming the agency's action. (*Id.* at PageID # 33–55). On July 7, 2022, the MPSB issued a final order denying Obot's petition for review and affirming the initial decision. (*Id.* at PageID #65–67).

### B. Proceeding before the Federal Circuit

On September 7, 2022, Obot filed a petition for review in the United States Court of Appeals for the Federal Circuit. (ECF No. 1, PageID #2; ECF No. 1-1, PageID #6; CM/ECF for the Federal Circuit, No. 22-2195, ECF No. 1). In his submission before the Federal Circuit, Obot

indicated that he wished to continue to pursue his claims for discrimination against Respondent. (ECF No. 1, PageID #2; ECF No. 1-4, PageID # 77-79). Obot also expressly acknowledged that he received notice of the MSPB's final order on July 7, 2022. (CM/ECF for the Federal Circuit, ECF No. 1-2, PageID #2).

On October 28, 2022, Respondent filed a motion to dismiss the petition for lack of subject matter jurisdiction. (ECF No. 1-7). Respondent moved for dismissal because the petition was untimely and the Federal Circuit lacked jurisdiction to consider "mixed" cases that involved unabandoned claims of discrimination. (*Id.* at PageID #91–97).

On December 22, 2022, the Federal Circuit issued an order denying Respondent's motion to dismiss and transferring the action to the Northern District of Ohio. (ECF No. 1). The Federal Circuit found that it lacked jurisdiction over this case because Obot sought judicial review of a discrimination claim. (*Id.* at PageID #2). It declined to address the issue of timeliness, leaving the issue to the Northern District of Ohio. (*Id.*).

C.    **Proceedings before this Court**

On July 28, 2023, Respondent filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 8). Respondent argues that the instant petition for review was untimely filed because it was filed in the Federal Circuit on September 7, 2022, more than 60 days after Obot's receipt of the MSPB's final order. (*Id.* at PageID #212–15). Plaintiff did not oppose the motion to dismiss or request an extension of time to do so. Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The time for filing opposition has long since passed.

Where Plaintiff has not raised arguments by virtue of his failure to oppose a motion to dismiss, those arguments are waived. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). A district court's power to grant dispositive motions because they are unopposed is firmly settled. *See Caroline's Kids Pet Rescue v. Lake Human Society*, 2022 WL 80320 (N.D. Ohio Jan. 7, 2022) (citing to *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 WL 1277667 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000))). However, the Court will briefly address the merits of the motion.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) may take the form of either a facial or factual attack. *United States v. Ritchie*, 15 F. 3d 592, 598 (6th Cir. 1994). Facial attacks challenge the sufficiency of the pleading itself. *Id.* When adjudicating a motion to dismiss based upon a facial attack, the court must accept all material allegations of the complaint as true and must construe the facts in favor of the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). Factual attacks, by contrast, challenge the factual predicate for subject matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Id.* With such a challenge, no presumption of truthfulness applies to the factual allegations, and the court is free to weight the evidence and satisfy itself as to the existence of its power to hear the case. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Regardless of the type of attack, the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *See Giesse v. Sec'y of Dept. of Health & Human Servs.*, 522 F.3d 697. 702 (6th Cir. 2008); *Golden v. Gorno*

*Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). Lack of subject-matter jurisdiction is a non-waivable, fatal defect. *See Von Dunser v. Aronoff*, 915 F.2d 1071, 1074-75 (6th Cir. 1990). Here, Defendant makes a factual attack on this Court's subject-matter jurisdiction, challenging the timeliness of the instant petition. (ECF No. 8-1, PageID #212-15; *see also Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (explaining that "[a] factual attack challenges the factual existence of subject matter jurisdiction").

### III.    Analysis

"A final order or decision issued by the MSPB constitutes a 'judicially reviewable action.'" *Hatcher v. Runyon*, No. 98-1714, 1999 U.S. App. LEXIS 19732, at *3-5 (6th Cir. Aug. 13, 1999) (citing 5 U.S.C. § 7702(a)(3)). Normally, an MSPB final decision must be appealed to the Federal Circuit within 60 days of its issuance. 5 U.S.C. § 7703(b)(1)(A); *Manning v. McDonald*, No. 3:16-cv-00706, 2016 U.S. Dist. LEXIS 184051, at *9 (M.D. Tenn. Nov. 9, 2016) ("With exceptions, judicial review of appeals from the MSPB generally occurs in the Federal Circuit."). However, in "mixed cases," an employee may seek juridical review in an appropriate federal district court once the MSPB issues an adverse final order or decision. *See* 5 U.S.C. § 7703(b); *Hobson v. Shanahan*, No. 3:17-1485, 2019 U.S. Dist. LEXIS 48160, at *11 (M.D. Tenn. Feb. 11, 2019) (citing *Ballard v. Tennessee Valley Auth.*, 768 F.2d 756, 757 (6th Cir. 1985)), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 48154 (M.D. Tenn. Mar. 22, 2019); *Abell v. Dep't of Veterans Affairs*, No. 3:18-CV-532-CRS, 2018 U.S. Dist. LEXIS 158997, at *3 (W.D. Ky. Sep. 18, 2018). A mixed case involves circumstances "where an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges the action was based on discrimination." *Abell*, 2018 U.S. Dist. LEXIS 158997, at *3 (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44, 133 S. Ct. 596, 184 L. Ed. 2d 433 (2012) (internal quotations

omitted) (emphasis in original); *see also Ryan v. McDonald*, 191 F. Supp. 3d 729, 739 (N.D. Oh. 2016) ("A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the [MSPB].").

In mixed cases, the employee must file an appeal in the appropriate federal district court within 30 days after the date the employee received notice of the MSPB's final decision. *Hatcher*, 1999 U.S. App. LEXIS 19732, at *4-5 (quoting 5 U.S.C. § 7703(b)(2)); *Abell*, 2018 U.S. Dist. LEXIS 158997, at *3; *Hobson*, 2019 U.S. Dist. LEXIS 48160, at *11 ("A petition for judicial review in a mixed case must be filed within 30 days of receiving notice of the MSPB's final decision unless the employee asks the EEOC to review the discrimination issue." (citing 5 U.S.C. § 7703(b)(2); *id.* § 7702(a)(3); and *Ballard*, 768 F.2d at 758, 764)).

Here, the instant petition presents a "mixed case" that falls under the purview of 5 U.S.C. § 7703(b)(2).  The Federal Circuit already determined that Obot wished to pursue his employment discrimination claims against Respondent and transferred the action to the Northern District of Ohio.  (ECF No. 1, PageID # 2).  Moreover, a review of Obot's submissions to the Federal Circuit clearly indicate that he intended to continue pursuing his claims of discrimination.  (*See* ECF Nos. 1-5, 1-6).

Because this is a "mixed case," Obot had 30 days to file a notice of appeal in the appropriate federal district court.  The Sixth Circuit has held that the 30-day time limit set forth under § 7703(b)(2) for the filing of a lawsuit in federal district court is jurisdictional, mandatory, and not subject to equitable tolling. *Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995); *Hilliard v. U.S. Postal Serv.*, 814 F.2d 325, 327 (6th Cir. 1987) ("[T]he 30 day limitations period for filing an appeal under 5 U.S.C. § 7703(b)(2) is a jurisdictional prerequisite to judicial

review of an MSPB decision and cannot be extended."); *Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667, 669–70 (6th Cir.1991), *vacated and remanded on other grounds*, 503 U.S. 902, 112 S. Ct. 1255, 117 L. Ed. 2d 486 (1992); *Felder v. Runyon*, No. 00-1011, 2000 U.S. App. LEXIS 24832, at *4 (6th Cir. Sep. 26, 2000).

Obot received notice of the MSPB's final order on July 7, 2022, (CM/ECF for the Federal Circuit, ECF No. 1-2, PageID #2), and he filed the instant petition for review to the Federal Circuit 62 days later, on September 7, 2022, (ECF No. 1, PageID #2; ECF No. 1-1, PageID #6). Thus, the petition is untimely and this Court lacks jurisdiction.[1]

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Respondent Department of Defense's Motion to Dismiss (ECF No. 8) and **DISMISSES** this case **WITH PREJUDICE** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED**.

Dated: March 28, 2024

**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[1] Even if the instant petition were not considered a "mixed" petition, this case would still require dismissal because Obot filed his appeal to the Federal Circuit more than 60 days after he received notice of the MSPB's final order. *See* 5 U.S.C. § 7703(b)(1)(A).